Dear Mr. Morvant:
Reference is made to your recent request for an opinion of this office on behalf of the Lafourche Parish Council. At the request of the Council, you seek our advice regarding. . . . . the enactment status, or lack thereof, of the Parish's Maintenance and Operation Budget for the year 2003." Your request is of particular importance to the Parish, as Lafourche has been operating on its last approved budget, that being the year 2000 budget, for quite some time.
Specifically, you request our opinion as to whether the provisions of the Louisiana Local Government Budget Act, namely 39:1307 (C), supercede the provisions of the Lafourche Parish's Home Rule Charter provisions which provide that the budget shall be adopted as submitted by the President if the governing authority fails to act. We note the following pertinent information, set forth in your request:
 "On or about October 16, 2002, President Breaux submitted, via certified mail, the 2003 Maintenance and Operations Budget along with a budget message to the members of the Parish governing authority. On November 12, 2002, the budget ordinance for the 2003 budget was introduced at the governing authority's regularly scheduled monthly meeting. The entire budget was published in the official journal on November 22, 2002. The governing authority held, but failed to advertise, a Special Meeting on November 21, 2002. The first item on the agenda for this Special Meeting was a Public Hearing on the 2003 Budget. A vote was taken at this meeting whereby the governing authority voted 5-2 against adoption of the budget. Another Special Meeting was held on December 1, 2002. The first item on the agenda for this meeting was a Public Hearing on the 2003 Budget. The notice for this meeting was published in the official journal on November 26, 2002. A vote on the enactment of the budget was taken at this meeting and ended in a 4-4 tie. Also at this meeting, Chairman Darryl Marlborough issued his rejection message." (Emphasis added).
You advised this office that on December 30, 2002 the Parish Attorney of Lafourche Parish issued an opinion that the budget should be deemed automatically adopted, as submitted by the Parish President, due to inaction by the Parish governing authority, in accordance with Lafourche Parish's Home Rule Charter Art. V(A) (3). According to your letter, the Parish Attorney reasoned that even though the Parish governing authority voted against passage of the budget in one instance and failed to pass the ordinance in another instance, because the governing authority failed to properly advertise the meetings at which the votes were held, the votes were null. You further advised that Lafourche Parish's Home Rule Charter provides that if the Parish's fails to hold a public hearing within 15 days of the Chairman's budget rejection message [Home Rule Charter Art. V(A) (3)], and/or fails to comply with Home Rule Charter Art. V(A) (4), which mandates the holding of a public hearing and adoption of the budget "not less than 30 days" before commencement of the next fiscal year, the budget ". . . shall be adopted as submitted by the President. HRC Art. V(A) (3)".
In our opinion, however, it is the Louisiana Local Government Budget Act, LSA-R.S. 39:1301, et seq., not the Home Rule Charter of Lafourche Parish, which is controlling of the issue you have presented. Pertimently, LSA-R.S. 39:1307 provides:
 "A. Political subdivisions with total expenditures of two hundred fifty thousand dollars or more from the general fund and any special funds shall afford the public an opportunity to participate in the budgetary process prior to adoption of the budget.
 B. Upon completion of the proposed budget and, if applicable, its submission to the governing authority, the political subdivision shall cause to be published a notice stating that the proposed budget is available for public inspection. The notice shall also state that a public hearing on the proposed budget shall be held with the date, time, and place of the hearing specified in the notice. The notice shall be published at least ten days prior to the date of the first public hearing. Where applicable, publication shall be in the official journal of the political subdivision . . .
 C. No proposed budget shall be considered for adoption or otherwise finalized until at least one public hearing has been conducted on the proposal . . ." (Emphasis added).
LSA-R.S. 39:1307 (A) mandates public opportunity to participate in the budgetary process. LSA-R.S. 39:1307 (B) requires notice of a public hearing on a proposed budget to be advertised "at least ten days prior to the first public hearing". LSA-R.S. 39:1307 (C) provides that "[n]o proposed budget shall be considered for adoption or otherwise finalized until at least one public hearing has been conducted on the proposal."
Based upon your advice, neither public hearing held by the governing authority of Lafourche Parish was properly advertised: the first hearing was not advertised at all, and the second hearing, although advertised, was only advertised five (5) days prior to the meeting at which it was held.
This office has previously advised the Lafourche Parish Council that the Louisiana Local Government Budget Act applies to political subdivisions operating under a home rule charter as a minimum standard. Attorney General's Opinion No. 01-279. We further advised the Lafourche Parish President that although a home rule charter may contain more stringent requirements than the Louisiana Constitution or general state law, it may not conflict with or supercede the state's constitution or laws. Attorney General's Opinion No. 02-0258. It is also the opinion of this office that if a local governmental subdivision falls to meet the minimal notice, advertisement and hearing requirements set forth in the Local Government Budget Act, its proposed budget cannot be considered as having been adopted, even if provisions of the Parish's home rule charter declare the budget adopted upon inaction of the governing authority.
In accordance with the foregoing, it is the opinion of this office that the proposed Lafourche Parish Maintenance and Operation Budget for the year 2003 has not been adopted or otherwise finalized, for the reason that the budget of a political subdivision such as Lafourche, with total proposed expenditures of $250,000 or more, cannot be considered as adopted or otherwise finalized in the absence of a meaningful opportunity for public participation in the budgetary process, and particularly in the absence of a timely and properly noticed public hearing, all in accordance with LSA-R.S. 39:1307.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam